In the Matter of the Accounting of NEW YORK TRUST COMPANY et al., as Trustees under the Will of MADELEINE A. SCHEUER, Deceased.

Surrogate's Court, New York County, June 14, 1948.

*Kurzman & Frank* for trustees, petitioners.

*John L. McCormick* for New York Association for the Blind, respondent.

*Alfred Englander* for Jewish Child Care Association of New York, respondent.

*Thomas J. McNamee,* special guardian for Mildred Scheuer, an incompetent, respondent.

COLLINS, S. Trustees accounting for their administration of the residuary trust under decedent's will request a construction of the will provisions. The will directs the trustees to pay income to or for the benefit of decedent's daughter only in the event that the income from the daughter's own property, from other trusts for her benefit and from other sources shall be insufficient for her reasonable needs. At the date of the execu-

tion of the will the daughter was an incompetent. Two of the trustees are the committee of the incompetent beneficiary. The trustees ask to be instructed whether in determining their obligation to the beneficiary they are to consider the requirements of the beneficiary in each calendar year vis-a-vis her private income collected during that annual period or may consider the fact that in a prior year the personal income of the beneficiary exceeded her needs and resulted in there being unexpended income .in the hands of the committee available for the beneficiary's care. The court finds no indication in decedent's language that the trustees should make their determination upon a calendar year basis or that they should be guided by annual stops. The will clearly evidences the intention of decedent that the beneficiary's personal income be the primary source for maintaining her and that the trust income be expended for that purpose only in the event the beneficiary's private income was inadequate for her reasonable demands. It is equally apparent that decedent sought to prevent any need for incursion upon the beneficiary's capital and that decedent's desire was to provide funds from her estate sufficient to avoid occasion for resort to the beneficiary's capital. So long as the committee has not consumed the income in its hands derived from the principal under its administration there exists no obligation to pay trust income for the needs of the beneficiary. The income reported in the account as collected during the years 1943 to 1946 inclusive may be paid to the contingent income beneficiaries.

A further question is raised as to the consideration to be given by the trustees to the fact that the beneficiary's committee received a substantial sum which is described as '' the distributive share '' of the beneficiary in another estate. Such description of this payment presents no reason for considering it to be a receipt of income by the beneficiary or in anywise material in determining the trustees' duty to pay or to apply trust income.

The fee of the attorneys for the trustees is allowed in the amount requested.

Submit decree on notice construing the will and settling the account in accordance with this decision.